IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| V.   § | No. 3:03-cr-159-G (02) |
| § | |
| DAVID HILL, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant David Hill, a federal prisoner, filed *pro se* a motion for 2 level reduction (Amendment 782) [Dkt. No. 148] (the "Motion"). Senior United States District Judge A. Joe Fish referred the Motion to the undersigned United States magistrate judge for hearing, if necessary, and for recommendation under 28 U.S.C. § 636(b). *See* Dkt. No. 149.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent that Hill requests reconsideration of the Court's denial of his motion for sentence reduction under 18 U.S.C. § 3582(c)(2), reconsideration should be denied and, to the extent that Hill raises a post-conviction challenge to the initial calculation of his guideline sentence, that challenge is made through an unauthorized successive motion under 28 U.S.C. § 2255, and the Court, construing the Motion as such, should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action.

The Court should further direct the Clerk of the Court to open for statistical purposes a new Section 2255 case (nature of suit 510 directly assigned, per Special Order 3-250, to Judge Fish and the undersigned) and close the same on the basis of any

order accepting or adopting this recommendation.

## Applicable Background

As the Court recounted in August 2018, when Hill sought to again attack his criminal judgment, relying that time on a recent decision from the United States Supreme Court to argue that this Court erred in calculating his sentence under the United States Sentencing Guidelines,

> [a] jury found Hill guilty of conspiracy to manufacture and possess with the intent to distribute methamphetamine. *See United States v. Hill*, 3:03-cr-159-G (02) (N.D. Tex.), Dkt. No. 68. He was sentenced to prison for 360 months in 2003. *See id.*
>
> After his criminal judgment was affirmed on direct appeal, *see United States v. Hill*, 623 F. App'x 200 (5th Cir. 2015), Hill filed his first Section 2255 motion, *see Hill v. United States*, 3:07-cv-594-G (N.D. Tex.). The Court denied that motion on its merits. *See Hill v. United States*, 3:07-cv-594-G (N.D. Tex.), Dkt. No. 12.
>
> Hill later filed a successive Section 2255 motion, which the Court transferred to the United States Court of Appeals for the Fifth Circuit. *See Hill v. United States*, 3:13-cv-4456-G-BN (N.D. Tex.), Dkt. No. 7. Hill appealed that transfer, and the Fifth Circuit affirmed this Court's judgment. *See Hill v. United States*, 623 F. App'x 200, 201 (5th Cir. 2015).

*Hill v. United States*, No. 3:18-cv-2127-G-BN, 2018 WL 4471791, at *1 (N.D. Tex. Aug. 21, 2018), *rec. accepted*, 2018 WL 4471706 (N.D. Tex. Sept. 17, 2018), *authorization to file a successive Section 2255 motion dismissed*, No. 18-11240 (5th Cir. Nov. 1, 2018).

Further applicable here, the Court denied Hill's 2016 motion to reduce his sentence under Section 3582(c)(2) based on retroactive 2014 Drug Guidelines Amendment 782, after the probation office found that Amendment 782 did not have the effect of lowering Hill's applicable guideline sentence – although his total offense level dropped by 2 points (from 41 to 39), the guideline imprisonment range remained 360 months to Life. *See* Dkt. Nos. 137, 138, 139, 140, & 141.

Hill now contends, through the Motion, that, "had there not been plain error in the calculation of the Sentencing Guidelines in my case, I would qualify for Amendment 782." Dkt. No. 148 at 2. In support, he argues that an error exists in the initial presentence report's calculation of his base offense level (based on the drug amount for which he was held accountable). *See id.* at 2-5.

## Legal Standards and Analysis

First, the Court should deny Hill's request to reconsider its denial of his 2016 Section 3582(c)(2) motion based on Amendment 782. As the United States Court of Appeals for the Eleventh Circuit observed in a related context, in reducing a sentence under Section 3582(c)(2), the district court may not reconsider other components of a defendant's guideline sentence calculation not affected by the applicable retroactive amendment (such as, there, his "original criminal history calculations").

> [T]he district court correctly recognized that it was prohibited from doing so in a § 3582(c)(2) proceeding, as § 1B1.10 provides that "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Nairne's contention that *Booker* rendered § 1B1.10 advisory is without merit, as we have recently held "that a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) *and the applicable policy statements by the Sentencing Commission.*" United States v. Melvin, 556 F.3d 1190, 1190 (11th Cir. 2009) (emphasis added). Thus, the district court correctly concluded that it lacked authority to reconsider Nairne's original criminal history calculations. As a result, Nairne's argument that his reduced sentence was unreasonable is without merit.

*United States v. Naine*, 334 F. App'x 228, 231 (11th Cir. 2009) (per curiam) (citation modified); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010) ("Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent

of the reduction authorized. Courts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range' produced by the substitution. § 1B1.10(b)(2)(A)."); *United States v. Martin*, 491 F. App'x 500, 501 (5th Cir. 2012) (per curiam) ("[T]he principles of *United States v. Booker*, 543 U.S. 220 (2005), and its progeny do not apply to § 3582(c)(2) proceedings." (citations omitted)).

As Section 3582(c) does not authorize the Court to provide the relief Hill seeks, and because "[a] district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization," *United States v. Hernandez*, No. 3:08-cr-268-B (03), 2016 WL 1039540, at *2 (N.D. Tex. Feb. 19, 2016) (quoting *United States v. Martinez*, No. 1:09-cr-74 TS, 2014 WL 2515315 (D. Utah June 4, 2014)), *rec. accepted*, 2016 WL 1028236 (N.D. Tex. Mar. 15, 2016), the Court should consider the Motion as made under the only statutory authorization potentially applicable – Section 2255.

Because Hill has already pursued an initial Section 2255 motion, the Motion is an unauthorized successive Section 2255 motion in disguise. And Hill's failure to obtain authorization from the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3) before making this challenge "acts as a jurisdictional bar to the district court's asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to" make this challenge through a successive Section 2255 motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus,

>it is appropriate for the Court to dismiss the [construed] successive § 2255 motion without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer the successive motion to the Fifth Circuit for a determination of whether [Hill] should be allowed to file the successive motion in the district court.

*United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003).

The undersigned finds that the Court should transfer the Motion to the Fifth Circuit for appropriate action.

## Recommendation

To the extent that Defendant David Hill's *pro se* motion for 2 level reduction (Amendment 782) [Dkt. No. 148] (the "Motion") requests reconsideration of the Court's denial of his motion for sentence reduction under 18 U.S.C. § 3582(c)(2), reconsideration should be denied and, to the extent that Hill raises a post-conviction challenge to the initial calculation of his guideline sentence, that challenge is made through an unauthorized successive motion under 28 U.S.C. § 2255, and the Court, construing the Motion as such, should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action. The Court should further direct the Clerk of the Court to open for statistical purposes a new Section 2255 case (nature of suit 510 directly assigned, per Special Order 3-250, to Senior United States District Judge A. Joe Fish and United States Magistrate Judge David L. Horan) and close the same on the basis of any order accepting or adopting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 30, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE